**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| GREGORY IVY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )     Case No. 4:24CV1214 JAR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Gregory Ivy's Motion to Vacate, Set Aside

or Correct Sentence pursuant to 28 U.S.C. § 2255 [ECF No. 1]. The United States of America

(the "Government") has responded and filed a Motion to Dismiss [ECF No. 7]. Petitioner filed a

reply [ECF No. 9] and a supplement to his reply [ECF No. 10], both out of time. The Motions

are fully briefed and ready for disposition. For the reasons set forth below, the Government's

Motion will be granted and Petitioner's Motion will be dismissed.

**Factual Background**

The factual background is set forth in the record, the Guilty Plea Agreement, and the

Government's Response.

**Procedural Background**

On April 26, 2023, a federal grand jury charged Petitioner with escape from custody in

violation of 18 U.S.C. § 751(a). *See United States v. Ivy*, Case No. 4:23CR222 JAR, ECF No. 2.[1]

---

[1] Filings in Petitioner's criminal case will be referenced hereinafter as "Crim. ECF No."

The Guilty Plea Agreement

On September 22, 2023, Petitioner pled guilty to Count One of the Indictment, pursuant to the Guilty Plea Agreement with the United States. *See* Crim. ECF No. 23. Pursuant to the Guilty Plea Agreement, Petitioner agreed to plead guilty to Count One of the Indictment in exchange for the United States' agreement "that no further federal prosecution [would] be brought in this District relative to Defendant's violations of federal law, known to the United States at this time, arising out of events set forth in the Indictment." *Id.* at 1.

Defendant admitted to knowingly violating Title 18, United States Code, Section 751(a), and admitted there was a factual basis for the plea and further fully understood that the elements of the crime are:

(i)     The Defendant was confined to Dismas House;

(ii)    the confinement was by virtue of a judgment and commitment of the United States District Court for the Eastern District of Missouri upon the felony conviction in Case No. 4:18-CR-00565-CDP;

(iii)   The Defendant failed to return to Dismas House without authorization; an

(iv)    in so doing, Defendant knew he that he was leaving custody without authorization.

*Id.* at 2.

Petitioner agreed to waive "all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea." *Id*. at 6. Petitioner further agreed to "waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States

2

Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." *Id.*

Petitioner also agreed that he was "fully satisfied with the representation received from defense counsel;" had "reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel;" and defense counsel had "completely and satisfactorily explored all areas which [he had] requested relative to the Government's case and any defenses." *Id.* at 9. Petitioner acknowledged having voluntarily entered into both the plea agreement and the guilty plea, and that his guilty plea was made of his own free will. *Id.* at 10.

Sentencing

On March 8, 2024, the Court sentenced Petitioner to a term of imprisonment for 12 months in the custody of the United States Bureau of Prisons (the "BOP") to be followed by a period of three years of supervised release, to be served consecutively to the sentence imposed in Case No. 4:18-CR-00565-CDP. *See* Crim. ECF No. 37.

Petitioner did not appeal his conviction or sentence.

**Petitioner's Motion**

Petitioner alleges that his conviction and sentence rest on a violation of due process under the Fifth Amendment. He claims that he was convicted and sentenced before the BOP had fully processed BOP Incident Report No. 3868218, which was used to refer Petitioner for prosecution. According to Petitioner, the BOP later expunged the report after Petitioner's sentencing for violation of Petitioner's due process rights. ECF No. 1 at 4. He states that he did not appeal from the judgment of conviction or raise this issue in any post-conviction motion, petition, or application because the claim was not available. *Id.* at 4-5. Further, he claims that this ground has

3

never been previously presented because of ineffective assistance of counsel. *Id.* at 9. Therefore, he asks the Court to vacate his "unconstitutional sentence." *Id.* at 12.

Attached to Petitioner's Motion is a copy of the Regional Administrative Remedy Appeal that Petitioner submitted to the BOP. In it, Petitioner claimed that "the BOP's disciplinary hearing process, including its timing, was conducted in a manner contrary to its own established policy and violated [his] due process rights in several ways." ECF No. 1-1 at 3. He stated that after he turned himself in on June 6, 2023 "for an incident report involving an alleged escape from a community release center, the UDC did not review the incident report within 5 days, nor did the Warden approve any extensions." *Id.* Moreover, he alleged that "the [Discipline Hearing Officer] violated [his] due process rights when holding the disciplinary hearing in [his] absence, while [he] was reasonably available." *Id.* at 4. When he was back in BOP's custody, he claimed that he "was not given the opportunity to present evidence and call witnesses, and [he] was denied a right to have a written explanation of the decision." *Id.* He concluded that "the procedures used to conduct the disciplinary hearing was in violation of BOP policy and [his] due process rights" and he requested "that all sanctions be expunged and that the 27 days loss of good conduct credit be restored." *Id.*

In response, the BOP reviewed the record and found there was a "procedural issue with the processing" of Petitioner's disciplinary action. *Id.* at 5. As a consequence, the BOP expunged Report No. 3868218 from Petitioner's disciplinary record and granted his request. *Id.*

## Legal Standards

### Relief Under 28 U.S.C. § 2255

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or

4

that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. Federal habeas relief is limited to rectifying "jurisdictional errors, constitutional errors, and errors of law." *Raymond v. United States*, 933 F.3d 988, 991 (8th Cir. 2019). Errors of law, moreover, only constitute grounds for relief under § 2255 when such error "constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (internal quotation omitted). Petitioner bears the burden to prove he is entitled to relief. *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019).

Claims brought under § 2255 may be limited by procedural default. A Petitioner "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citation omitted). Further, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised in a § 2255 motion unless the Petitioner can establish "(1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

Ineffective Assistance of Counsel

The standard established in *Strickland v. Washington*, 466 U.S. 668 (1984) provides the framework for evaluating ineffective-assistance-of-counsel claims. *Anderson v. United States*, 762 F.3d 787, 792 (8th Cir. 2014). Petitioner "must show that his counsel's performance was deficient and that [he] suffered prejudice as a result" to prove a violation of his Sixth Amendment rights. *Id.*

It is well-established that a petitioner's ineffective assistance of counsel claim is properly

5

raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy,* 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir. 2003).

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir. 2005), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as [] guaranteed [] by the Sixth Amendment." *Id* (cleaned up). Review of counsel's performance by the court is highly deferential, and the Court "presumes counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The Court does not second-guess trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective. *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (8th Cir. 2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir. 1996).

The second part of the *Strickland* test requires that Petitioner show he was prejudiced by counsel's error, and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Anderson,* 393 F.3d at 753-54, quoting *Strickland,* 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the Court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. United States,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

6

Prosecutorial Misconduct

To be entitled to relief due to prosecutorial misconduct, Petitioner must show "that (1) the prosecutor's remarks or conduct were improper; and (2) the conduct affected the defendant's substantial rights so as to deprive him of a fair trial." *United States v. Fenner*, 600 F.3d 1014, 1022 (8th Cir. 2010). Moreover, it is well-established that the Government is under no obligation to present exculpatory evidence to the grand jury. *See United States v. Williams*, 504 U.S. 36, 51–55 (1992).

Right to Evidentiary Hearing

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a Petitioner is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the Petitioner] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (internal citation omitted). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043, citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990).

Since the Court finds that Petitioner's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## Discussion

Petitioner contends that his conviction and sentence rest on a violation of due process under the Fifth Amendment and his sentence should therefore be vacated. He argues that since he "successfully attacked the disciplinary proceedings used to initiate the federal prosecution," he

7

has proved his due process rights were violated, thereby rendering his prosecution for the underlying offense unconstitutional. ECF No. 2 at 2. The Court finds Petitioner's claim should be dismissed as waived.

In his Guilty Plea Agreement, Petitioner waived his § 2255 right to raise issues except for claims of prosecutorial misconduct or ineffective assistance of counsel. *See* Crim. ECF No. 23 at 6. It is well established a petitioner may waive his § 2255 rights as part of a plea agreement, so long as the waiver is made knowingly and voluntarily, and its enforcement does not result in a "miscarriage of justice." *See DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000); *United States v. Andis*, 333 F.3d 886, 891 (8th Cir. 2003). Exceptions to waiver include the appeal of an illegal sentence, a sentence in violation of the terms of an agreement, or a claim asserting ineffective assistance of counsel. *Andis*, 333 F.3d at 890–92 (citing *DeRoo*, 223 F.3d at 923–24). The Eighth Circuit has cautioned that "waivers are contractual agreements between a defendant and the Government and should not be easily voided by the courts." *Id.* at 891.

Petitioner's claim clearly revolves around an alleged due process violation, rather than prosecutorial misconduct or ineffective assistance of counsel. Petitioner states that the claim was not previously presented "because of ineffective assistance of counsel," but he does not elaborate on that assertion in his Motion. ECF No. 1 at 9. Without more explanation, such a statement is conclusory and does not qualify as an ineffective assistance of counsel claim. *Bryson v. United States*, 268 F.3d 560, 562 (8th Cir. 2001) (affirming district court where it dismissed an ineffective assistance of counsel claim because the allegations were brief, conclusory, and failed to cite to the record). As the claim is one regarding an alleged due process violation, the Court will dismiss it as waived.

8

Despite finding that Petitioner's claim should be dismissed as waived, the Court will examine Petitioner's arguments in his filings that followed the Motion. In his response (filed out of time) to the Government's Motion to Dismiss, Petitioner states that if his counsel "had looked into matters and investigated the Inmate Discipline Program Statement, notice would have been taken that they had not followed their own policy." ECF No. 10 at 2. He alleges that the hearing with the Discipline Hearing Officer did not take place within the allotted time and that there was no approval for an extension of time to perform the hearing, and that counsel was "ineffective" for not bringing this problem to the Court's attention and requesting that the matter be remanded back to the BOP to be "settled." *Id.* He thus argues that his counsel's "lack of investigation" led to misinforming him on his available defense options and "prejudiced" him into entering a plea agreement" *Id.* Because he was "forced" to "make a choice while inadequately informed" of all possible defenses, he claims that his guilty plea was not "voluntary and knowing." *Id.* at 3.

In the same response, Petitioner also notes that because the Government "never noticed this deficiency or never brought it to light," there was a "certain level of" prosecutorial misconduct." *Id.* at 4. He states that these "faults all show a due process violation and a lack of jurisdiction because the matter was never first resolved by the BOP first within the allowed time." *Id.* He claims that he "has served an extra two years of confinement that he never should have had to serve" due to "the negligence of both counsels." *Id.*

Leaving aside the issue of waiver, even considering Petitioner's arguments from his untimely response, Petitioner does not establish a claim of ineffective assistance of counsel. Leaving the issue of any deficiency in his counsel's performance aside, Petitioner cannot show that he suffered prejudice as a result of that performance. Petitioner states he was "prejudiced" but does not provide any evidence showing how the defect in the BOP's process actually affected his

9

ultimate conviction. While the Court understands Petitioner is making a fruit-of-the-poisonous-tree-type argument, the facts are that a grand jury indicted Petitioner for the offense conduct and Petitioner pled guilty to that conduct. Specifically, Petitioner admitted in his Guilty Plea Agreement that he "is, in fact, guilty" of the offense. *See* Crim. ECF No. 23 at 10. These discrete actions were independent of the BOP's administrative and disciplinary procedures. Even if the BOP's defective process had been brought to light before the Court, the central issue was whether Petitioner actually committed the underlying offense. The BOP's hearings and related procedures concerning inmate disciplinary records are simply not relevant to this question. The Court recognizes that Petitioner was successful in expunging the BOP's incident report, but this does not constitute an admission from the BOP or any other governmental entity that Petitioner's due process rights were violated. With regard to the prosecution that led to the indictment and guilty plea, Petitioner cannot show that his due process rights were violated. Petitioner has not convinced the Court that there is any reasonable probability that the result of his criminal case would have been different if the defective BOP procedure had been made known before sentencing. Beyond the problem of waiver, Petitioner cannot show that he was prejudiced by counsel's performance, so he has not established an ineffective assistance of counsel claim.

Likewise, Petitioner's untimely prosecutorial misconduct argument is unavailing. Petitioner has not shown that any of the Government's conduct was improper or that any such conduct affected his substantial rights so as to deprive him of a fair trial. Therefore, apart from the waiver issue, Petitioner has not established a prosecutorial misconduct claim.

Here, Petitioner entered into the Guilty Plea Agreement freely, voluntarily, and intelligently, including the provision in which he waived his right to appeal his conviction in a post-conviction proceeding. *See* Crim. ECF No. 23 at 6, 10. Petitioner has not established that

10

enforcement of the waiver would result in a "miscarriage of justice." Nor does Petitioner allege that he is actually innocent of the offense to which he pled guilty. Indeed, a review of the acts admitted by Petitioner in the Guilty Plea Agreement would contradict any claim of actual innocence.

In his response to the Government's Motion to Dismiss, Petitioner mentions that his claim is based on "his actual innocence," but fails to allege any new and reliable evidence that indicates his innocence. ECF No. 9 at 2. Rather, his argument rests entirely on a procedural defect regarding the BOP's incident report concerning the action underlying his conviction. Thus, the Court finds Petitioner has not established a fundamental miscarriage of justice occurred to circumvent his knowing and voluntary waiver of his right to appeal his conviction in a post-conviction proceeding.

The Court finds Petitioner cannot establish either cause to excuse his procedural default, actual prejudice, or actual innocence. Even if Petitioner's claim was not procedurally defaulted, it would fail on the merits. A guilty plea and representations made by a defendant during the plea-taking create a "strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Nguyen v. United States,* 114 F.3d 699, 703 (8th Cir. 1997). When a defendant admits he is satisfied with his lawyer, there were no threats or promises to induce him to plead, and he voluntarily admits his guilt, he has a "heavy burden" to show his plea was involuntary. *Id.* "Once a person has entered a guilty plea, any subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Williams*, 2022 WL 4299835, at *9 (quoting *Tran v. Lockhart*, 849 F.2d 1064, 1068 (8th Cir. 1988)). As discussed above, the record clearly establishes that Petitioner knowingly, intelligently, and voluntarily entered into his

plea agreement and pled guilty to the offense of escape from custody in violation of 18 U.S.C. § 751(a).

For all these reasons, Petitioner's Motion will be dismissed.

### Certificate of Appealability

In a § 2255 proceeding before a district judge, the final order is subject to review on appeal by the court of appeals for the circuit in which the proceeding is held. 28 U.S.C. § 2253(a). However, unless a circuit judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *Id.* § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a Petitioner has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Miller-El*, 537 U.S. at 335–36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he [Petitioner] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338, quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a motion is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [Petitioner must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

12

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the Court finds that Petitioner has failed to make the requisite "substantial showing." *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Therefore, a certificate of appealability will not issue.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Gregory Ivy's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [ECF No. 1] is **DISMISSED.**

**IT IS FURTHER ORDERED** that the Government's Motion to Dismiss [ECF No. 7] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 16th day of July, 2025.

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**